*E-FILED - 9/30/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ARTURO OROPEZA,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT K. WONG, Warden,<br><br>    Respondent. | No. C 09-1871 RMW (PR)<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL; DENYING RELEASE PENDING LITIGATION |

    Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus challenging a 2006 decision by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Petitioner has filed a request for appointment of counsel and an order releasing him from custody pending this litigation. For the reasons stated below, the court DENIES both requests.

    Petitioner requests the court appoint Jacob Burland, Esq. as his counsel because Mr. Burland was appointed by the trial court and is the most familiar with petitioner's case. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel

the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

Petitioner has thus far been able to adequately present his claims for relief. Respondent has been ordered to produce the state record, which may include petitioner's state appellate briefs prepared by counsel. No evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances apparent. Accordingly, the court concludes that appointment of counsel is not necessary at this time. Petitioner's request for appointment of counsel is DENIED without prejudice.

Petitioner also requests that the court order his immediate release on his own recognizance, pending the outcome of this federal habeas action. However, it remains undecided in the Ninth Circuit whether a prisoner may be released on bail during the pendency of his district court habeas action. See In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001). In Land v. Deeds, the court noted that the district court may have the authority to release a state prisoner on bail pending resolution of a habeas proceeding, but only in extraordinary cases involving special circumstances or a high probability of success. Land v. Deeds, 878 F.2d 318, 318-9 (9th Cir. 1989) (per curiam). Here, petitioner has not shown either special circumstances or a high probability of success. Accordingly, the court DENIES petitioner's request for release.

This order terminates docket no. 12.

IT IS SO ORDERED.

DATED: __9/30/09_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge