IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HECTOR ARTHUR OROPEZA,

    Petitioner,

v.

ROBERT K. WONG, Warden,

    Respondent.

No. C 09-1871 RMW (PR)

ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

(Docket No. 20)

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the California Board of Parole Hearings ("Board"). After ordering the respondent to show cause why the petition should not be granted, respondent filed his response on November 4, 2009. On December 30, 2009 petitioner filed his traverse. Pending before the court is petitioner's motion for an evidentiary hearing. Respondent has filed an opposition and petitioner has filed a reply.

    Under the AEDPA, a district court presented with a request for an evidentiary hearing must determine whether a factual basis exists in the record to support the petitioner's claim. "If it does not, and an evidentiary hearing might be appropriate, the court's first task in determining whether to grant an evidentiary hearing is to ascertain whether the petitioner has failed to develop the factual basis of a claim in state court." Baja v. Ducharme, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (internal quotation and citation omitted). If the petitioner has not failed to develop the facts in state court, the district court may proceed to consider whether a hearing is appropriate or required under Townsend v. Swain, 372 U.S. 293 (1963). Baja, 187 F.3d at 1078.

1   Here, petitioner asserts that this court should hold an evidentiary hearing "in order to
2   investigate the Board's finding that [petitioner's] version [of the commitment offense] is at odds
3   with the facts of the case." (Mot. at 6.) Petitioner supports his argument by relying on the 2006
4   psychological report submitted to the Board at his challenged 2006 parole suitability hearing, as well
5   as other documents, including a letter from his appellate counsel. Petitioner also asserts that he is
6   not attempting to provide additional evidence to support his claim; rather all the evidence is already
7   in the record. (Traverse at 1.)

8   An evidentiary hearing is not required on these issues because it appears that petitioner's
9   claims can be resolved by reference to the state court record. Campbell v. Wood, 18 F.3d 662, 679
10  (9th Cir. 1994) (citing Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir. 1984)); see also United States
11  v. Birtle, 792 F.2d 846, 849 (9th Cir. 1986) (evidentiary hearing is not required if "'the motion and
12  the files and records of the case conclusively show that the prisoner is entitled to no relief.'")
13  (quoting 28 U.S.C. § 2255). Further, that an evidentiary hearing may be permitted because a
14  prisoner was able to clear the hurdle posed by the AEDPA's limitations does not mean that a hearing
15  is required. Downs v. Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000). The court retains discretion
16  whether to hold such an evidentiary hearing. See id. (noting that expansion of the record may
17  obviate the need for a hearing).

18  At this time, and based on the motion, opposition, and reply, it appears that the record
19  contains all the necessary information for this court to resolve petitioner's habeas petition. Thus, an
20  evidentiary hearing is unwarranted at this time and the court DENIES petitioner's motion without
21  prejudice. Should the court determine that a hearing is necessary at a later date, it will consider
22  ordering one sua sponte.

23  This order terminates docket no. 20.

24  IT IS SO ORDERED.
25  Dated: 6/29/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge